**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CAROLYN GILLESPIE** | **CIVIL ACTION** |
| **VERSUS** | **No. 26-1439** |
| **ATHLOS ACADEMY OF JEFFERSON PARISH ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is an unopposed motion[1] to dismiss plaintiff Carolyn Gillespie's ("Gillespie") petition[2] for damages, filed by defendant Athlos Academy of Jefferson Parish ("Athlos"), and joined[3] by defendants Bill Bressler ("Bressler") and Kathleen Wheeler ("Wheeler") (collectively, "defendants").[4] For the following reasons, Gillespie's federal-law claim is dismissed, and the Court declines to exercise its supplemental jurisdiction over her remaining state-law claims.

## I. FACTUAL BACKGROUND

Gillespie alleges that, during the 2024–25 school year, she worked as a paraprofessional at Athlos, a public charter school in Jefferson Parish, Louisiana.[5]

[1] R. Doc. No. 8.
[2] R. Doc. No. 2-1, at 3–13.
[3] R. Doc. No. 10.
[4] The case caption names an additional defendant, XYZ Insurance. *See* R. Doc. No. 2-1, at 3. However, this defendant is not mentioned in the body of Gillespie's petition. In a letter to the Clerk of the 24th Judicial District Court, Gillespie's counsel described this defendant as "fictitiously named" and stated that its true name and address had not yet been identified. R. Doc. No. 2-1, at 14. Gillespie has not amended her petition to reflect this defendant's true name, and, according to the record, it has not been served. R. Doc. No. 2-1, at 21, 24–25.
[5] R. Doc. No. 2-1, ¶ 4.

Gillespie claims that Athlos terminated her in retaliation for raising concerns about the school and its students. She alleges that "[i]n or around September 2024," she submitted a complaint alleging that an "excessive workload" had been "placed upon paraprofessional staff"[6] and, "[i]n or around October 2024," she submitted another complaint "protesting the retaliatory and punitive removal of a field trip from students who had earned it as a reward."[7] In addition, throughout her employment at Athlos, she submitted twenty-seven "office referrals" for alleged student misconduct.[8]

On March 26 or 27, 2025, Gillespie alleges that two Athlos students "physically assaulted" her.[9] She claims that one student "got out of her seat" and then "curs[ed] and threaten[ed] to harm" her.[10] When she attempted to stop another student from "attempting to leave the classroom without authorization," that student "began verbally abusing her, cursing at her, and standing in the classroom in a threatening posture."[11] Later, "students engaged in physical fighting in [Gillespie's] presence, requiring her intervention."[12] She referred these students for discipline, but she claims "Athlos administered zero (0) days of disciplinary consequences" in response.[13] Within one day of Gillespie's referral, Athlos placed her on administrative leave, and

---

[6] *Id.* ¶ 7.
[7] *Id.* ¶ 8.
[8] *Id.* ¶¶ 5, 53.
[9] *Id.* ¶ 11.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.* ¶¶ 12–13.

then permanently terminated her on March 31, 2025.[14] According to Gillespie, Athlos failed to follow its disciplinary process before terminating her employment.[15]

Gillespie's petition alleges four claims against Athlos and two of its employees, Bressler and Wheeler.[16] First, she alleges that her termination violated Louisiana's whistleblower protection law for public employees, La. Rev. Stat. § 42:1169.[17] Second, she alleges that her termination violated the Louisiana Employment Discrimination law, La. Rev. Stat. §§ 23:301–370.[18] Third, she alleges that defendants' alleged failure "to maintain a reasonably safe workplace" constituted negligence pursuant to the Louisiana Civil Code.[19] Fourth, she alleges that her termination was retaliatory and violated La. Rev. Stat. § 17:416, La. Rev. Stat. § 23:967, and 42 U.S.C. § 1983.[20]

Gillespie filed her petition for damages in the 24th Judicial District Court in Jefferson Parish, Louisiana. Athlos filed a notice of removal in this Court, alleging that the Court has original jurisdiction over Gillespie's § 1983 claim and supplemental jurisdiction over her state-law claims.[21] Athlos then moved to dismiss Gillespie's petition.[22] In its motion, Athlos states that its reasoning also supports

---

[14] *Id.* ¶¶ 14, 17.
[15] *Id.* ¶ 18.
[16] Gillespie sued Bressler "individually and in his official capacity." *Id.* ¶ 1. She does not mention in what capacity she has sued Wheeler. *Id.*
[17] *Id.* ¶¶ 21–29.
[18] *Id.* ¶¶ 30–37.
[19] *Id.* ¶¶ 38–44.
[20] *Id.* ¶¶ 45–60. While the heading of count four describes only state law claims, 42 U.S.C. § 1983 is mentioned in the body of that count. *Id.* ¶¶ 46, 60.
[21] R. Doc. No. 2, at 2–4.
[22] Athlos states that it "permanently ceased operations on June 30, 2026." R. Doc. No. 8-1, at 1 n.1.

"dismissal of all claims against Bressler and Wheeler."[23] Bressler and Wheeler joined Athlos's motion.[24] Gillespie has not filed a response.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a district court may dismiss a claim if a plaintiff fails to set forth well-pleaded factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

When considering a motion to dismiss, the Court must construe the complaint "in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). However, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid

[23] R. Doc. No. 8-1, at 1 n.2.
[24] R. Doc. No. 10.

claim," and the Court will "not accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). The Court will also limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. ANALYSIS

### A. Section 1983 Claim

"Section 1983 provides a cause of action against '[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State*' deprives someone of a federal constitutional or statutory right." *Lindke v. Freed*, 601 U.S. 187, 194 (2024) (emphasis and alteration in original) (quoting 42 U.S.C. § 1983). "Restated, 'mere private conduct, no matter how discriminatory or wrongful', is excluded from § 1983's reach." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (alterations omitted) (quoting *Richard v. Hoechst Celanese Chem. Grp., Inc.,* 355 F.3d 345, 352 (5th Cir. 2003)). Therefore, "[t]o bring a claim under § 1983, a plaintiff must first show state action." *Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 443 (5th Cir. 2025).

"A private entity can qualify as a state actor in a few limited circumstances." *Id.* (quoting *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019)). These include "(i) when the private entity performs a traditional, exclusive public

function[,] (ii) when the government compels the private entity to take a particular action, . . . (iii) when the government acts jointly with the private entity," *id.* at 444 (quoting *Halleck*, 587 U.S. at 809), and "(iv) 'when the private entity is entwined with governmental policies, or when government is entwined in its management or control,'" *id.* (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)).

As a preliminary matter, Athlos, as described by Gillespie, is a private entity, not a state body, and Bressler and Wheeler are private persons, not state officials or employees. Gillespie's sole factual allegation with respect to state action is that Athlos "is a publicly chartered school operating under state law and authority."[25]

Pursuant to Louisiana law, most charter schools are operated by nonprofit corporations. La. Rev. Stat. § 17:3991(A)(1)(a). The exceptions are Type 4 charter schools, which are operated by a local school board and whose employees "are in all respects employees of the local school board." *Id.* §§ 17:3973(2)(b)(iv), 17:3991(A)(1)(a), 17:3997(E)(1). Gillespie does not plead that Athlos was operated by, or that she was employed by, a local school board. She claims that she was employed by Athlos and terminated by defendants.[26]

Because Gillespie has not alleged that Athlos is a public entity, the Court must determine whether her complaint alleges one of the four categories of state action by a private party. "'Deciding whether a deprivation of a protected right' falls within one

---

[25] R. Doc. No. 2-1 ¶ 46.
[26] R. Doc. No. 2-1 ¶¶ 4, 49–50.

of these categories 'begins by identifying the specific conduct of which the plaintiff complains.'" *Pearson*, 133 F.4th at 443 (quoting *Cornish*, 402 F.3d at 550). Here, Gillespie complains that she was terminated.

First, Gillespie has not alleged that her termination arose out of the defendant's performance of a traditional, exclusive government function. "The [Supreme] Court has stressed that 'very few' functions fall into that category." *Halleck*, 587 U.S. at 809 (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 158 (1978)). "[T]he question is whether the function performed has been 'traditionally the *exclusive* prerogative of the state.'" *Caleb v. Grier*, 598 F. App'x 227, 235 (5th Cir. 2015) (per curiam) (emphasis in original) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982)). Gillespie's allegation that Athlos "is a publicly chartered school operating under state law and authority"[27] does not satisfy this requirement because "education is not 'traditionally the *exclusive* prerogative of the State.'" *Ezeani v. Reagan*, No. 23-10445, 2023 WL 5040980, at *1 (5th Cir. Aug. 8, 2023) (emphasis in original) (quoting *Rendell-Baker*, 457 U.S. at 842); *see also Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1153 (5th Cir. 2021). Gillespie has not alleged that Athlos performed any other public function.

The Court is aware that the *en banc* Fourth Circuit, in *Peltier v. Charter Day School, Inc.*, held that a North Carolina charter school is a state actor because "operating a school that is part of the North Carolina public school system" is a

[27] R. Doc. No. 2-1 ¶ 46.

traditional public function. 37 F.4th 104, 119 (4th Cir. 2022) (en banc). However, the Fourth Circuit's conclusion depended on the defendant's imposition of a sex-based dress code and a close analysis of North Carolina's charter school laws. *Id.* at 121–22. The court distinguished contrary decisions from other circuits on the basis that the state action analysis varies with "the factual circumstances of a plaintiff's claim" and "the laws of the state regulating the school in question." *Id.* at 121. *Compare id.* at 119, *with Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 815 (9th Cir. 2010) (holding that an Arizona charter school did not serve a traditional public function), *and Logiodice v. Trs. of Me. Cent. Inst.*, 296 F.3d 22, 27 (1st Cir. 2002) (holding that a Maine charter school did not serve a traditional public function).

Unlike in *Peltier*, Gillespie has made no allegations that Athlos operated a school that is part of the Louisiana public school system or that operating such a school is a traditional public function. Moreover, the Fifth Circuit has examined Louisiana's charter school scheme and determined that the state's charter schools were created to be independent of "traditional public schools." *Voices for Int'l Bus. & Educ. Inc. v. NLRB*, 905 F.3d 770, 774 (5th Cir. 2018) (holding that a Louisiana charter school was not a political subdivision of the state and therefore was subject to the National Labor Relations Act). The court concluded that, while Louisiana charter schools "are treated as part of the public school system for some purposes," they are ultimately "privately controlled." *Id.* at 777–78; *see also Advocs. for Arts-Based Educ. Corp. v. Orleans Par. Sch. Bd.*, No. 09-6607, 2010 WL 375223, at *3 (E.D. La. Jan. 26, 2010) (Lemmon, J.) (holding that a Louisiana charter school was not a

political subdivision of the state and therefore had standing to raise a § 1983 claim). Accordingly, Gillespie has not pled that Athlos performed a traditional public function. *See Mancuso v. Sw. La. Charter Acad. Found. Inc.*, No. 23-1642, 2024 WL 4096436, at *4 (W.D. La. Aug. 21, 2024), *report and recommendation adopted,* 2024 WL 4094288 (W.D. La. Sep. 5, 2024) (holding that, due to the Fifth Circuit's decision in *Voices*, a Louisiana charter school was not a state actor).

Gillespie has also failed to plead that her termination falls into the other three categories of state action by a private entity. She does not allege that Athlos terminated her because the state "exercised coercive power or [] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Watts v. Northside Indep. Sch. Dist.*, 37 F.4th 1094, 1097 (5th Cir. 2022) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Nor does she allege that her termination was the product of joint action between defendants and the state, which requires "an agreement or meeting of the minds between [them] to engage in a conspiracy to deprive [her] of a constitutional right." *Pearson*, 133 F.4th at 444 (quoting *Hernandez v. Causey*, 124 F.4th 325, 337 (5th Cir. 2024)). Finally, Gillespie does not plead that the state was "entwined" with Athlos's decision to terminate her, because she does not allege that the state had any "'say' in [Athlos's] 'internal decision making' or that [the state] had a 'role in enacting or enforcing'" her termination. *Id.* (quoting *Rundus v. City of Dallas*, 634 F.3d 309, 315 (5th Cir. 2011)); *see also Blankenship v. Buenger*, 653 F. App'x 330, 338 (5th Cir. 2016) (per curiam).

Because Gillespie has not alleged that her termination was state action, her § 1983 claim must be dismissed. *Pearson*, 133 F.4th at 444. The Court therefore does not need to determine whether she "allege[d] the violation of a right secured by the Constitution and laws of the United States." *Cornish*, 402 F.3d at 549 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B. State-Law Claims

Gillespie's remaining claims do not fall within the Court's original jurisdiction. They were brought pursuant to this Court's supplemental jurisdiction,[28] because they arise under state, not federal, law, and the citizenship of the parties does not support diversity jurisdiction.[29] Because the Court has dismissed Gillespie's § 1983 claim, the only claim over which it had original jurisdiction, it may decline to exercise its supplemental jurisdiction over her other claims. 28 U.S.C. § 1367(c)(3).

"[A] court generally 'should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.'" *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 246 (5th Cir. 2022) (quoting *Heggemeier v. Caldwell County*, 826 F.3d 861, 872 (5th Cir. 2016) (per curiam)). Because this case is in its earliest stages, "the common-law factors of 'judicial economy, convenience, fairness, and comity'" weigh in favor of declining jurisdiction. *Id.* (quoting *Heggemeier*, 826 F.3d at 872); *see e.g.*, *Ferdinand v. St. James Parish*,

[28] R. Doc. No. 2, at 4.
[29] Gillespie, Bressler, and Wheeler are citizens of Louisiana. R. Doc. No. 2-1 ¶ 1.

No. 24-2812, 2025 WL 786037, at *8 (E.D. La. Mar. 12, 2025) (Africk, J.). Therefore, the Court will remand Gillespie's remaining claims to state court.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Athlos's motion[30] to dismiss, which is joined[31] by Bressler and Wheeler, is **GRANTED IN PART AND DENIED IN PART**. Gillespie's claim brought pursuant to 42 U.S.C. § 1983 is **DISMISSED**.

**IT IS FURTHER ORDERED** that Gillespie's state-law claims are **REMANDED** to the 24th Judicial District Court, Jefferson Parish, Louisiana.

New Orleans, Louisiana, September 11, 2026.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

[30] R. Doc. No. 8.
[31] R. Doc. No. 10.